KATHY BAZOIAN PHELPS (State Bar No. 155564)
kphelps@diamondmccarthy.com
DIAMOND MCCARTHY LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-4402
Telephone: (310) 651-2997

[Proposed] Counsel for Robert P. Mosier,
Temporary Receiver

## UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>CAPITAL COVE BANCORP LLC; CHRISTOPHER M. LEE aka RASHID K. KHALFANI,<br><br>Defendants | CACD Case No. CV15-00980-JLS (JCx)<br><br><br>**NOTICE OF RECEIVERSHIP PURSUANT TO 28 U.S.C. §754 AND REQUEST FOR THE ISSUANCE OF A MISCELLANEOUS CASE NUMBER** |

PLEASE TAKE NOTICE THAT that pursuant to 28 U.S.C. §754 Temporary Receiver Robert P. Mosier ("Mosier") for *Security and Exchange Commission v. Capital Cove Bancorp LLC, Christopher M. Lee aka Rashid K. Khalfani*, Central District of California, Southern Division, Case No. CV15-00980-JLS (JCx) is required to file the complaint and the order in each district. The Temporary Receiver is requesting a miscellaneous case number to be filed in your district. The original certified copy of the complaint is attached hereto as Exhibit "1" and Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Be Granted is attached hereto as Exhibit "2".

1

2  28 U.S.C. §754

3      Such receiver shall, within ten days after the

4      entry of his order of appointment, file copies

5      of the complaint and such order of

6      appointment in the district court for each

7      district in which property is located. The

8      failure to file such copies in any district shall

9      divest the receiver of jurisdiction and control

10     over all such property in that district.

11

12  DATED: June 26, 2015

13                          DIAMOND McCARTHY LLP
                        By:  /s/ *Kathy Bazoian Phelps*
14                          Kathy Bazoian Phelps
                            *[Proposed]* Counsel for Robert P. Mosier
15                          Temporary Receiver

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "1"

1  AMY JANE LONGO Cal. Bar No. 198304
   Email: longoa@sec.gov
2  JUNLING MA Cal. Bar No. 213241
   Email: maj@sec.gov
3
4  Attorneys for Plaintiff
   Securities and Exchange Commission
5  Michele Wein Layne, Regional Director
   Lorraine B. Echavarria, Associate Regional Director
6  John W. Berry, Regional Trial Counsel
   444 South Flower Street, Suite 900
7  Los Angeles, California 90071
   Telephone: (323) 965-3998
8  Facsimile:  (213) 443-1904

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12                              SACV 15·00980 JLS(JCx)

13  SECURITIES AND EXCHANGE          Case No.
    COMMISSION,
14                                   **COMPLAINT**
              Plaintiff,
15                                   **(FILED UNDER SEAL)**
       vs.
16
    CAPITAL COVE BANCORP LLC;
17  CHRISTOPHER M. LEE aka
    RASHID K. KHALFANI,
18            Defendants.

19

20

21      Plaintiff Securities and Exchange Commission (the "SEC") alleges as follows:

22                    **JURISDICTION AND VENUE**

23      1.   This Court has jurisdiction over this action pursuant to Sections 20(b),

24  20(d)(1) and 22(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§

25  77t(b), 77t(d)(1) and 77v(a); Sections 21(d)(1), 21(d)(3)(A), 21(e) and 27 of the

26  Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78u(d)(1),

27  78u(d)(3)(A), 78u(e), and 78aa; and Sections 209(d)-(e) and 214 of the Investment

28  Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-9(d)-(e) and 80b-14.

                                  1

1      2.     Defendants have, directly or indirectly, made use of the means or

2  instrumentalities of interstate commerce or of the mails, in connection with the

3  transactions, acts, practices and courses of business alleged in this Complaint.

4      3.     Venue is proper in this district pursuant to Section 22(a) of the Securities

5  Act, 15 U.S.C. § 77v(a); Section 27 of the Exchange Act, 15 U.S.C. § 78aa; and

6  Section 214 of the Advisers Act, 15 U.S.C. § 80b-14, because certain of the

7  transactions, acts, practices and courses of conduct constituting violations of the

8  federal securities laws occurred within this district.  In addition, venue is proper in

9  this district because both defendants reside in this district.

10                                **SUMMARY**

11      4.     This is an action brought to halt an ongoing offering fraud by defendant

12  Capital Cove Bancorp LLC ("CCB"), formerly an SEC-registered investment adviser,

13  and defendant Christopher M. Lee, alias Rashid K. Khalfani ("Lee"), CCB's founder,

14  owner, managing partner, chief compliance officer and sole control person

15  (collectively with CCB, "Defendants").  Defendants raised at least $1.9 million from

16  over fifteen U.S. investors over a two-year period by falsely claiming to invest

17  proceeds in distressed real estate when in fact, they misappropriated investors'

18  money.  To date, Defendants have misappropriated 94% of the nearly $2 million

19  invested with them.

20      5.     To effectuate their scheme, CCB and/or Lee formed two private

21  investment funds, the Rittenhouse Square Trust, LLC (the "Rittenhouse Fund"), and

22  the Capital Cove REO Opportunities Fund II, LLC (the "REO Fund II") (collectively,

23  the "Funds"), purportedly to invest in real estate for investors.  Yet the Funds held no

24  real estate for investors as CCB and Lee had promised; instead, Defendants pocketed

25  the investors' money or used it to buy real estate for themselves.  CCB and Lee made

26  multiple misrepresentations to entice investors to invest with them, including falsely

27  boasting online and in printed marketing materials that the Fund was "vetted,

28  qualified and registered" with the SEC and several other government and regulatory

1 | agencies, and administered by a third-party.  Further, Defendants touted Lee's
2 | qualifications while soliciting investors, but never disclosed his criminal record,
3 | including his conviction for felony grand theft.

4 |       6.     Defendants are continuing to solicit investors for the REO Fund II.  In
5 | the last two weeks, Lee solicited an undercover FBI agent to invest in the Fund,
6 | providing him marketing materials, a private placement memorandum, and wiring
7 | instructions to invest in the REO Fund II.  Defendants are running print
8 | advertisements in a local weekly paper, and appearing at investment conferences
9 | where their promotional materials tout investment opportunities in their REO funds.
10 | Lee appeared at one such investment conference on June 10, 2015, and advertised
11 | that he will appear at another one on June 20, 2015 in Santa Barbara, California.

12 |       7.     Defendants also offered and sold membership interests in the REO Fund
13 | II without registering those transactions or securities with the SEC and with no
14 | applicable exemption from registration.

15 |       8.     During its time as an SEC-registered investment adviser, CCB also filed
16 | numerous Forms ADV containing materially false statements and omissions.

17 |       9.     The membership interests in the Funds that Defendants offered and sold
18 | in the Funds are securities under the federal securities laws.

19 |      10.     In offering and selling these securities to U.S. investors, Defendants,
20 | acting with scienter, made material misrepresentations and omissions as to the uses of
21 | investors' monies, the Funds' characteristics, and Lee's criminal record.  By this
22 | conduct, Defendants have violated and are violating the antifraud provisions of
23 | Section 17(a) of the Securities Act, 15 U.S.C. § 77q, and Section 10(b) of the
24 | Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder.

25 |      11.     Defendants offered and sold the REO Fund II securities to U.S. investors
26 | in unregistered transactions, with no available exemption from registration.  In doing
27 | so, Defendants have violated and are violating the registration provisions of Sections
28 | 5(a) and 5(c) of the Securities Act, 15 U.S.C. § 77f.

12.     In willfully filing materially false Forms ADV with the SEC, Defendants violated Section 207 of the Advisers Act, 15 U.S.C. §80b-7.

13.     CCB and Lee registered CCB as an investment adviser with the SEC without having at least $25 million in assets under management, and continued to have CCB registered with the SEC until January 2014 without ever having $25 million in assets under management.  In doing so, CCB violated, and Lee aided and abetted CCB's violation of, Section 203A of the Advisers Act, 15 U.S.C. §80b-3A.

14.     The SEC seeks a temporary restraining order and preliminary and permanent injunctions prohibiting future such violations and prohibiting Defendants from soliciting, accepting or depositing any investor monies; an order freezing Defendants' assets, appointing a temporary receiver, providing for expedited discovery, requiring preservation of documents, and ordering an accounting; and disgorgement of Defendants' ill-gotten gains, prejudgment interest, and civil penalties.

## THE DEFENDANTS

15.     **Capital Cove Bancorp LLC** ("CCB"), dba Capital Cove Financial ("CCF"), and also dba Capital Cove Asset Management ("CCAM"), is a Delaware limited liability company with its principal place of business in Newport Beach, California.  It became an SEC-registered investment adviser on January 10, 2011.  Its last Form ADV, filed on December 23, 2013, reported $62 million in assets under management.  On January 10, 2014, CCB filed a Form ADV-W to withdraw its SEC registration, which was immediately effective.  CCB is not registered with any state authorities, and has never registered an offering of securities under the Securities Act or a class of securities under the Exchange Act.

16.     **Christopher M. Lee aka Rashid K. Khalfani** ("Lee") is a resident of Long Beach, California.  Lee is CCB's founder, 100% owner, managing partner, chief compliance officer and sole control person.  Lee has three criminal convictions:

a. On or about November 19, 2000, Lee pled guilty to a misdemeanor for

4

1          carrying a loaded firearm (Case No. 0WH04898, Superior Court of

2          California, County of Los Angeles);

3      b.  On or about May 14, 2004, Lee pled guilty to five counts of felony grand

4          theft and was sentenced to two years in prison and ordered to pay

5          criminal restitution of $1,174,847 (Case No. 01NF2026, Superior Court

6          of California, County of Orange); and,

7      c.  On or about November 13, 2013, Lee pled guilty to misdemeanor

8          forgery and was sentenced to 180 days in jail and three years' probation,

9          and ordered to pay fines and fees totaling $10,143 (Case No. KA102218,

10         Superior Court of California, County of Los Angeles).

11    17.    On or about December 9, 2013, Lee purported to change the name on his

12 social security card from Christopher Mark Lee to Rashid Khalid Khalfani.

13                    **OTHER RELEVANT ENTITIES**

14    18.    **Rittenhouse Square Trust LLC** (the "Rittenhouse Fund"), a Delaware

15 limited liability company formed on or about January 3, 2012, purports to be an

16 investment fund for acquiring foreclosed properties and is managed by Lee.  Lee is

17 the Rittenhouse Fund's sole control person.

18    19.    **Capital Cove REO Opportunities Fund II LLC** (the "REO Fund II"),

19 a California limited liability company formed on or about February 13, 2012,

20 purports to be an investment fund for acquiring, rehabilitating, managing and

21 reselling real properties, and is managed by CCB and Lee.  Lee is the REO Fund II's

22 sole control person.

23    20.    **Aspyration Capital Advisors Inc.** ("Aspyration") is a suspended

24 California corporation formed on or about March 22, 2007, which was owned by Lee.

25 Formerly a California licensed real estate broker, it surrendered its license in October

26 2013, following an investigation by the California Bureau of Real Estate.  In March

27 2013, Lee transferred approximately $55,000 from the Rittenhouse Fund's bank

28 account into Aspyration's bank account, and used the money for Aspyration's

1    business and Lee's own personal use.

2        21.    **Capital Cove International Inc.** ("CCI") is a California corporation

3    formed on or about July 6, 2010, which is owned and managed by Lee. CCI is a

4    California licensed real estate brokerage firm. Between July 2012 and January 2014,

5    Lee directly deposited approximately $346,000 of investor monies raised for the REO

6    Fund II into CCI's bank accounts, and transferred over $270,500 from the REO Fund

7    II's and the Rittenhouse Fund's bank accounts into CCI's bank accounts.

8        22.    **Capital Cove Asset Management, Inc.** ("CCAM") is a California

9    corporation formed on or about October 2, 2012, which is a dba for CCI and/or for

10   CCB. It purports to be REO Fund II's "operations manager" for acquiring,

11   rehabilitating, managing and reselling REO properties and distressed mortgage

12   portfolio assets of the Fund. Lee is CCAM's sole control person.

13                          **THE FRAUDULENT SCHEME**

14       23.    Since March 2012, Defendants have raised about $1.9 million from more

15   than fifteen U.S. investors through unregistered securities offerings of two private

16   investment funds, the Rittenhouse Fund and the REO Fund II. Defendants'

17   solicitations of investors for the REO Fund II are ongoing.

18   **A.    Defendants' Solicitations of Fund Investors**

19       24.    CCB purports to be a real estate and investment services firm focused

20   primarily on real estate-owned properties (*i.e.*, properties owned by a lender as a

21   result of foreclosure).

22       25.    Beginning in 2012, CCB touted real estate investment opportunities for

23   the REO Fund II on its website, www.capitalcove.com. Additionally, Lee orally

24   solicited investors for the REO Fund II, representing that monies invested in the

25   Funds would be used to purchase distressed real estate. Lee also gave investors a

26   marketing flyer for the REO Fund II.

27       26.    To invest in the REO Fund II, Defendants directed investors to open

28   accounts at third-party custodians (primarily custodians for self-directed IRAs), from

                                        6

1 | which Defendants could invest the monies in "Class A membership interests" in
2 | either Fund, pursuant to subscription agreements that Lee counter-signed under the
3 | alias Khalfani.  CCB and Lee then transferred investors' monies from the self-
4 | directed IRA accounts to bank accounts in the name of the respective Funds (or, in
5 | some instances, directly to the accounts of CCB and CCI).  Investors were promised
6 | returns on their investments in these membership interests in the Funds, and that these
7 | returns would be predicated on the Funds' investing in real estate.

8 |       27.    CCB's website and the marketing flyer falsely stated that: (1) the REO
9 | Fund II had been "vetted, qualified and registered by the BRE, FDIC, HUD, FINRA,
10 | SEC and other government agencies and corporate entities to purchase discounted
11 | loans, foreclosure real estate and REO assets directly"; (2) the REO Fund II had a
12 | third-party administrator; and (3) CCB was an "SEC-registered Fund Manager" and
13 | "FINRA member."

14 |       28.    From March 2012 to January 2014, Defendants raised at least
15 | $1,933,500 from at least 17 investors, as follows:

16 |           a. In March 2012, Defendants raised approximately $487,000 for the
17 |                Rittenhouse Fund from three investors, located in California and North
18 |                Carolina; and,

19 |           b. From July 2012 through January 2014, Defendants raised approximately
20 |                $1,446,500 for the REO Fund II from 14 investors located in California
21 |                and New Jersey.

22 | **B.**    **Defendants' Misappropriation of Investors' Monies**

23 |       29.    Of the approximately $1,933,500 raised for the Funds between March
24 | 2012 to January 2014, Defendants misappropriated $ 1,812,143, or 94%, as follows:

25 |
26 |
27 |
28 |

| Use of Proceeds | Amount | % of Money Raised |
|---|---|---|
| Real properties bought in CCB's name, rather than in the Funds' names | $397,368 | 21% |
| CCB's general business | $657,767 | 34% |
| Transferred to CCB and its affiliates (comprised of $346,000 deposited directly into bank and brokerage accounts of CCB and CCI, and $325,500 transferred to CCB, CCI and Aspyration | $671,500 | 35% |
| Lee cash withdrawals | $81,014 | 4% |
| Lee's personal use (meals, gas, etc.) | $4,494 | 0.2% |
| **Total** | $ $1,812,143 | 94% |

30.   Thus, while Defendants used approximately $397,368 of the Funds' monies to purchase three properties, they purchased those properties in CCB's name, not the Funds' names. Of the three properties, Defendants subsequently sold two, but none of the sales proceeds were ever deposited into either Fund's known bank accounts.

31.   Defendants deposited approximately $346,000 of the REO Fund II's monies into the bank and brokerage accounts of CCB and CCI, rather than into the Fund's accounts.

32.   Defendants transferred approximately $325,500 of the Funds' monies to accounts Lee controlled for Aspyration and CCI.

33.   Defendants transferred approximately used $657,767 of the Funds' monies for CCB's general business operations.

34.    Lee had sole control over all of the Funds', CCB's, CCI's, and Aspyration's bank and brokerage accounts during the relevant period, and was the sole authorized signatory for these accounts.

35.    Defendants' representations concerning the intended use of investors' monies were materially false and misleading.  In fact, investors' monies were not used to purchase distressed real estate through or in the name of the two Funds.  Instead, Defendants used investor funds to purchase real estate in CCB's name; to continue their own business operations, and for Lee's personal benefit.

## C.   Defendants' Misrepresentations and Omissions to Investors

36.    Beyond misstating the intended use of the Funds' proceeds, Defendants made other materially false and misleading statements and omissions in soliciting investors for the REO Fund II.

37.    First, on CCB's website and in the marketing flyer Lee gave to investors, Defendants falsely stated that: (1) the REO Fund II "has been vetted, qualified and registered by the BRE, FDIC, HUD, FINRA, SEC and other government agencies and corporate entities to purchase discounted loans, foreclosure real estate and REO assets directly"; (2) a third party entity was the Fund's administrator; and (3) CCB was an "SEC-registered Fund Manager" and "FINRA member."  None of these statements were true.

38.    Second, on CCB's website and in the marketing flyer, Defendants solicited investors for the REO Fund II by touting the qualifications and expertise of the "Fund Managers," which included Lee, aka Khalfani.  Yet Defendants omitted Lee's record of criminal convictions.

39.    Defendants' representations concerning CCB's and the REO Fund II's characteristics and Lee's credentials were materially false and misleading.  In fact, the REO Fund II was neither "vetted, qualified or registered by" any government agency nor administered by any third-party, and Lee had an extensive criminal record that he concealed from investors.

9

40.     Lee knew, or was reckless or negligent in not knowing, that these misrepresentations and omissions were false and misleading when made.

**D.     Defendants' Offer and Sale of the REO Fund II Without Registration or Exemption**

41.     Defendants did not register with the SEC any of the transactions or securities they offered or sold for either Fund.

42.     For the REO Fund II, CCB and Lee engaged in the offer and sale of the Fund's membership interests without registering those transactions or securities with the SEC, and the offers and sales were not exempt from registration.

43.     While the subscription agreements for the REO Fund II state that it was offered only to accredited investors, at least seven actual investors were unaccredited.

44.     In soliciting investors, Defendants failed to inquire regarding the investors' financial condition or sophistication; failed to provide copies of the Fund's private placement memorandum; and failed to provide financial information about the Fund or CCB.

45.     Defendants' solicitations for the REO Fund II are ongoing:

   a. Defendants are running a weekly advertisement in a local paper promoting investment opportunities with CCAM;

   b. In the advertisement for an appearance at an investment conference on June 10, 2015 in Newport Beach, Defendants advertised their "REO Opportunities Funds" and CCB's "private equity real estate" investments; and

   c. In the advertisement for an appearance at an investment conference on June 20, 2015 in Santa Barbara, Defendants advertised CCB's "private equity real estate fund" and the "flagship REO Fund II"; and

   d. On June 5, 2015, Lee, under the name Khalfani, met with an undercover FBI agent and solicited his investment in the REO Opportunities Fund. Lee also provided the agent with marketing materials and a private

1         placement memorandum for the REO Fund II, and emailed the agent

2         wire instructions where he could send his investment money for the REO

3         Fund II.

4     46.    By his actions described herein, in addition to directly selling REO Fund

5 II membership interests to investors, and being a sponsor, organizer and manager of

6 the REO Fund II, Lee was a necessary participant and a substantial factor in the offer

7 and sale of the REO Fund II.

8 **E.**    **Defendants' False and Misleading Forms ADV**

9     47.    From November 26, 2010, when CCB and Lee first filed CCB's

10 application to register as an investment adviser with the SEC, through December 2013,

11 CCB's Forms ADV repeatedly contained false and misleading statements, including:

12      •   Falsely identifying CCB's managing director, control person, and chief

13          compliance officer as Khalfani, instead of identifying Lee by his legal

14          name, under which all of his criminal convictions appeared;

15      •   Misrepresenting that no one affiliated with CCB had a criminal history

16          within the previous ten years despite Lee's felony and misdemeanor

17          convictions in that time period;

18      •   Fabricating the amounts of CCB's assets under management by tens of

19          millions of dollars, without ever having at least $25 million in assets

20          under management as required to be registered with the SEC as an

21          investment adviser; and

22      •   Listing CCB's outside counsel's name as the signatory for two Forms

23          ADV, without her knowledge or authorization.

24

25     48.    These false and misleading statements and omissions appeared in the

26 following Form ADV filings:

27

28

| Form ADV Filing Date | False and Misleading Statements and Omissions |
|---|---|
| 11/26/2010 | Item 1.J (contact person), Schedule A (owner & officer), Schedule D, §10A (control person), and Signature:  use of name "Khalfani" |
| | Item 5.F: CCB had assets under management of $39 million |
| | Item 11A(1): answered "no" to the question whether CCB or "any advisory affiliate" had "been convicted of or plead guilty or nolo contendere ('no contest') in a domestic … court to any *felony*" in the past ten years |
| 07/03/2012 | Item 1.J (contact person), Schedule A (owner & officer), Schedule D, §10A (control person):  Use of name "Khalfani" |
| | Item 5.F: CCB had assets under management of $45 million |
| | Item 11A(1) (conviction or plea, felony): answered "no" |
| | Signature by CCB's outside legal counsel |
| 07/05/2013 | Item 1.J (contact person), Schedule A (owner & officer), Schedule D, §10A (control person), and Signature:  Use of name "Khalfani" |
| | Item 5.F: CCB had assets under management of $62 million |
| | Item 11A(1) (conviction or plea, felony): answered "no" |
| | Item 11(A)(2) (charged with any felony): answered "no" |
| 12/10/2013, 12/18/2013, and 12/23/2013 | Item 5.F: CCB had assets under management of $62 million |
| | Item 11A(1) (conviction or plea, felony): answered "no" |
| | Item 11B(1) (conviction or plea to a misdemeanor involving any fraud, false statement or forgery): answered "no" |
| 12/10/2013 | Signature by CCB's outside legal counsel |

49.  These statements in CCB's Forms ADV were materially false and misleading because: (1) Khalfani was not Lee's legal name; (2) CCB fabricated, by a factor of at least ten, the amount of its assets under management; (3) CCB failed to disclose Lee's guilty pleas to felony grand theft in 2004 and to misdemeanor forgery in 2013; and (4) CCB's counsel did not sign or review any of the Forms ADV.

50.  Lee, as CCB's founder, 100% owner, managing partner, chief compliance officer and sole control person, and as a signatory and/or person with responsibility for the filing of CCB's Forms ADV, over which he had ultimate authority, willfully misrepresented these material facts from CCB's ADVs filed in 2010-2013.

51.  These misrepresentations were material because they were required disclosures in the Forms ADV.

**FIRST CLAIM FOR RELIEF**

**Unregistered Offer and Sale of Securities**

**Violations of Section 5(a) and (c) of the Securities Act**

**(against all Defendants)**

52.  The SEC realleges and incorporates by reference paragraphs 1 through 51 above.

53.  The membership interests in the REO Fund II that were offered and sold to U.S. customers as alleged herein constitute "securities" as defined by the Securities Act and the Exchange Act.

54.  Defendants, by engaging in the conduct described above, directly or indirectly, singly and in concert with others, made use of the means or instruments of transportation or communication in interstate commerce, or of the mails, to offer to sell or to sell securities, or carried or caused to be carried through the mails or in interstate commerce, by means or instruments of transportation, securities for the purpose of sale or for delivery after sale, when no registration statement had been filed or was in effect as to such securities, and when no exemption from registration was applicable.

13

55. By engaging in the conduct described above, Defendants violated, and unless restrained and enjoined, will continue to violate, Section 5(a) and (c) of the Securities Act, 15 U.S.C. §§ 77e.

## SECOND CLAIM FOR RELIEF
### Fraud in the Offer or Sale of Securities
### Violations of Section 17(a) of the Securities Act
### (against all Defendants)

56. The SEC realleges and incorporates by reference paragraphs 1 through 51 above.

57. Defendants, and each of them, by engaging in the conduct described above, directly or indirectly, in the offer or sale of securities by the use of means or instruments of transportation or communication in interstate commerce or by use of the mails:

      (a) with scienter, employed devices, schemes, or artifices to defraud;

      (b) obtained money or property by means of untrue statements of a material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

      (c) engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon the purchaser.

58. By engaging in the conduct described above, Defendants violated, and unless restrained and enjoined, will continue to violate, Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## THIRD CLAIM FOR RELIEF
### Fraud in Connection with the Purchase or Sale of Securities
### Violations of Section 10(b) of the Exchange Act and Rule 10b-5
### (against all Defendants)

59. The SEC realleges and incorporates by reference paragraphs 1 through

14

1 | 51 above.

2 |      60.    Defendants, by engaging in the conduct described above, directly or

3 | indirectly, in connection with the purchase or sale of a security, by the use of means

4 | or instrumentalities or interstate commerce, of the mails, or of the facilities of a

5 | national securities exchange, with scienter:

6 |          (a) employed devices, schemes, or artifices to defraud;

7 |          (b) made untrue statements of a material fact or omitted to state a

8 |             material fact necessary in order to make the statements made, in the

9 |             light of the circumstances under which they were made, not

10 |             misleading; or

11 |        (c)    engaged in acts, practices or courses of business which operated or

12 |             would operate as a fraud or deceit upon other persons.

13 |      61.    By engaging in the conduct described above, Defendants violated, and

14 | unless restrained and enjoined, will continue to violate, Section 10(b) of the

15 | Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

16 | **FOURTH CLAIM FOR RELIEF**

17 | **Violation of Section 207 of the Advisers Act**

18 | **(against all Defendants)**

19 |      62.    The SEC realleges and incorporates by reference paragraphs 1 through

20 | 51 above.

21 |      63.    Section 207 of the Advisers Act, 15 U.S.C. §80b-7, provides that it is

22 | unlawful for any person willfully to make any untrue statement of a material fact in

23 | any registration application or report filed with the Commission under Section 203, or

24 | to omit to state in any such application or report any material fact which is required to

25 | be stated therein.  A Form ADV is a registration application or report filed with the

26 | Commission pursuant to Section 203.

27 |      64.    As set forth above, Defendants' filings on Forms ADV were materially

28 | false and misleading.

65.   As a result, Defendants violated and, unless enjoined, will continue to violate Section 207 of the Advisers Act, 15 U.S.C. §80b-7.

## FIFTH CLAIM FOR RELIEF

### Violation of Section 203A of the Advisers Act

### (against CCB, and against Lee for aiding and abetting)

66.   The SEC realleges and incorporates by reference paragraphs 1 through 51 above.

67.   Section 203A of the Advisers Act, 15 U.S.C. §80b-3a, provides that no investment adviser subject to state regulation and with assets under management of less than $25 million may register with the Commission as an investment adviser. Rule 203A-3(d), 17 C.F.R. § 275.203A-3, provides that "assets under management" means securities portfolios over which an investment adviser provides "continuous and regular supervisory or management services . . ."

68.   As set forth above, Defendant CCB registered with the Commission without having at least $25 million in assets under management.

69.   As a result, Defendants violated and, unless enjoined, will continue to violate Section 203A of the Advisers Act, 15 U.S.C. §80b-3a.

70.   Lee aided and abetted CCB's violation and, unless enjoined, will continue to aid and abet CCB's violations, of Section 203A of the Advisers Act, 15 U.S.C. §80b-3a.

## PRAYER FOR RELIEF

WHEREFORE, the SEC respectfully requests that the Court:

### I.

Issue findings of fact and conclusions of law that Defendants committed the alleged violations.

### II.

Issue orders, in a form consistent with Fed. R. Civ. P. 65(d), temporarily, preliminarily and permanently enjoining Defendants and their agents, servants,

1   employees, and attorneys, and those persons in active concert or participation with

2   any of them, who receive actual notice of the judgment by personal service or

3   otherwise, and each of them, from violating Section 5(a) and (c) and Section 17(a) of

4   the Securities Act, 15 U.S.C. §§ 77e(a), 77e(c), and 77q(a) and Section 10(b) of the

5   Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. §§ 240.10b-

6   5; and issue an order permanently enjoining CCB and Lee from violating Sections

7   203A and 207 of the Advisers Act, 15 U.S.C. §§ 80b-3A and 80b-7.

8                                                    **III.**

9            Issue orders, in a form consistent with Fed. R. Civ. P. 65(d), temporarily,

10  preliminarily and permanently enjoining Defendants and their agents, servants,

11  employees, and attorneys, and those persons in active concert or participation with

12  any of them, who receive actual notice of the judgment by personal service or

13  otherwise, and each of them, from soliciting, accepting, or depositing any monies

14  from actual or prospective investors in connection with any offering of securities

15  pursuant to Section 20(b) of the Securities Act and Section 21(d) of the Exchange

16  Act; provided, however, that such injunction shall not prevent CCB or Lee from

17  purchasing or selling securities listed on a national securities exchange for their own

18  personal accounts.

19                                                   **IV.**

20          Issue in a form consistent with Fed. R. Civ. P. 65, a temporary restraining order

21  and a preliminary injunction freezing the assets of Defendants CCB, Lee, the

22  Rittenhouse Fund and the REO Fund II; prohibiting each of the Defendants from

23  destroying documents; and ordering accountings by each of the Defendants, and the

24  Rittenhouse Fund and the REO Fund II; and appointing a receiver over the

25  Rittenhouse Fund, the REO Fund II and CCB.

26                                                    **V.**

27          Order Defendants to disgorge all ill-gotten gains from their illegal conduct,

28  together with prejudgment interest thereon.

**VI.**

Order Defendants to pay civil penalties under Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d); Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3); and Section 209(e) of the Advisers Act, 15 U.S.C. §80b-9(e) .

**VII.**

Retain jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

**VIII.**

Grant such other and further relief as this Court may determine to be just and necessary.

Dated:  June 18, 2015

Respectfully submitted,

*/s/Amy Jane Longo*
Amy Jane Longo
Junling Ma
Attorneys for Plaintiff
Securities and Exchange Commission

6/25/15

D. Roberts

18

EXHIBIT "2"

1 AMY JANE LONGO Cal. Bar No. 198304
  Email: longoa@sec.gov
2 JUNLING MA Cal. Bar No. 213241
  Email: maj@sec.gov
3
  Attorneys for Plaintiff
4 Securities and Exchange Commission
  Michele Wein Layne, Regional Director
5 Lorraine Echavarria, Associate Regional Director
  John W. Berry, Regional Trial Counsel
6 444 South Flower Street, Suite 900
  Los Angeles, California 90071
7 Telephone: (323) 965-3998
  Facsimile: (213) 443-1904

8

9     **UNITED STATES DISTRICT COURT**

10     **CENTRAL DISTRICT OF CALIFORNIA**

11

12      SACV 15·00980 JLs(JCx)

13 SECURITIES AND EXCHANGE   Case No.
  COMMISSION,
14           ~~[PROPOSED]~~ **TEMPORARY**
15    Plaintiff,     **RESTRAINING ORDER AND**
             **ORDER TO SHOW CAUSE WHY A**
16           **PRELIMINARY INJUNCTION**
  vs.         **SHOULD NOT BE GRANTED**
17 CAPITAL COVE BANCORP LLC;
  CHRISTOPHER M. LEE aka
18 RASHID K. KHALFANI,
            **(FILED UNDER SEAL)**
19    Defendants.

20      UNDER SEAL

21   This matter came before the Court upon the *Ex Parte* Application for a

22 Temporary Restraining Order and Order to Show Cause Why a Preliminary

23 Injunction Should Not Be Granted (the "TRO Application") filed by Plaintiff

24 Securities and Exchange Commission ("SEC").

25   The Court, having considered the SEC's Complaint, the TRO Application, the

26 supporting Memorandum of Points and Authorities, the supporting declarations and

27 exhibits, and the other evidence and argument presented to the Court, finds that:

28

A.    This Court has jurisdiction over the parties to, and the subject matter of, this action.

B.    Good cause exists to believe that:

    (1)    Defendants Capital Cove Bancorp LLC and Christopher M. Lee aka Rashid K. Khalfani, and each of them, have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business that constitute violations of Sections 5(a) and 5(c) of the Securities Act of 1933 (15 U.S.C. §§ 77e(a), 77e(c)); and

    (2)    Defendants Capital Cove Bancorp LLC and Christopher M. Lee aka Rashid K. Khalfani, and each of them, have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business that constitute violations of Section17(a) of the Securities Act (15 U.S.C. § 77q(a)) and Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) and Rule 10b-5 thereunder (17 C.F.R. § 240.10b-5).

C.    The SEC has demonstrated (1) a prima facie case that one or more violations of the securities laws have occurred and (2) a reasonable likelihood that the violations will be repeated.

D.    It is appropriate and the interests of justice require that the SEC's TRO Application be granted without notice to Defendants as the SEC has set forth in its Application the reasons supporting its claim that notice should not be required, and it appears from specific facts shown by the declarations filed by the SEC that immediate and irreparable injury, loss or damage will result if notice is given to Defendants.

**I.**

IT IS HEREBY ORDERED that the SEC's application for a Temporary Restraining Order and Order To Show Cause Why a Preliminary Injunction Should

1   Not Be Granted against Defendants Capital Cove Bancorp LLC and Christopher M.
2   Lee aka Rashid K. Khalfani is GRANTED.

3                                                   **II.**

4        IT IS FURTHER ORDERED that Defendants Capital Cove Bancorp LLC and
5   Christopher M. Lee aka Rashid K. Khalfani, and their officers, agents, servants,
6   employees, attorneys, subsidiaries and affiliates, and those persons in active concert
7   or participation with any of them who receive actual notice of this Order, by personal
8   service or otherwise, and each of them, be and hereby are temporarily restrained and
9   enjoined from, directly or indirectly, in the absence of any applicable exemption:

10       A.   unless a registration statement is in effect as to a security, making use of
11            any means or instruments of transportation or communication in
12            interstate commerce or of the mails to sell such security through the use
13            or medium of any prospectus or otherwise;
14       B.   unless a registration statement is in effect as to a security, carrying or
15            causing to be carried through the mails or in interstate commerce, by any
16            means or instruments of transportation, any such security for the purpose
17            of sale or for delivery after sale; or
18       C.   making use of any means or instruments of transportation or
19            communication in interstate commerce or of the mails to offer to sell or
20            offer to buy through the use or medium of any prospectus or otherwise
21            any security, unless a registration statement has been filed with the SEC
22            as to such security, or while the registration statement is the subject of a
23            refusal order or stop order or (prior to the effective date of the
24            registration statement) any public proceeding or examination under
25            Section 8 of the Securities Act, 15 U.S.C. § 77h in violation of Section 5
26            of the Securities Act, 15 U.S.C. § 77e.

27

28

                                          3

**III.**

IT IS FURTHER ORDERED that Defendants Capital Cove Bancorp LLC and Christopher M. Lee aka Rashid K. Khalfani, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

  A. employing any device, scheme or artifice to defraud;

  B. obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  C. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

**IV.**

IT IS FURTHER ORDERED that Defendants Capital Cove Bancorp LLC and Christopher M. Lee aka Rashid K. Khalfani, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

  A. employing any device, scheme or artifice to defraud;

  B. making any untrue statement of a material fact or omitting to state a

4

1          material fact necessary in order to make the statements made, in the light

2          of the circumstances under which they were made, not misleading; or

3    C.    engaging in any act, practice, or course of business which operates or

4          would operate as a fraud or deceit upon any person;

5 in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5

6 thereunder, 17 C.F.R. § 240.10b-5.

7 **V.**

8      IT IS HEREBY FURTHER ORDERED that defendants Capital Cove

9 Bancorp LLC and Christopher M. Lee aka Rashid K. Khalfani, and each of their

10 agents, servants, employees and attorneys and those persons in active concert or

11 participation with them who receive actual notice of this Order by personal service or

12 otherwise, including facsimile transmission, electronic mail, or overnight delivery

13 service, are hereby prohibited from soliciting, accepting, or depositing any monies

14 from actual or prospective investors in connection with any offering of securities;

15 provided, however, that such injunction shall not prevent CCB or Lee from

16 purchasing or selling securities listed on a national securities exchange for their own

17 personal accounts.

18 **VI.**

19      IT IS FURTHER ORDERED that, except as otherwise ordered by this Court,

20 Defendants Capital Cove Bancorp LLC and Christopher M. Lee aka Rashid K.

21 Khalfani, and their officers, agents, servants, employees, attorneys, subsidiaries and

22 affiliate, and those persons in active concert with them, who receive actual notice of

23 this Order, by personal service or otherwise, and each of them, be and hereby are

24 ~~permanently~~ temporarily restrained and enjoined from, directly or indirectly, transferring,

25 assigning, selling, hypothecating, changing, wasting, dissipating, converting,

26 concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets,

27 securities, claims or other real or personal property, including any notes or deeds of

28 trust or other interest in real property, wherever located, of any one of the

1  Defendants, or their subsidiaries or affiliates, owned by, controlled by, managed by or

2  in the possession or custody of any of them and from transferring, encumbering

3  dissipating, incurring charges or cash advances on any debit or credit card of the

4  credit arrangement of any one of the Defendants, or their subsidiaries and affiliates.

5                                        **VII.**

6          IT IS FURTHER ORDERED that, except as otherwise ordered by this Court,

7  an immediate freeze shall be placed on all monies and assets (with an allowance for

8  necessary and reasonable living expenses to be granted only upon good cause shown

9  by application to the Court with notice to and an opportunity for the SEC to be heard)

10  in all accounts at any bank (including, without limitation, Bank of America and JP

11  Morgan), financial institution or brokerage firm (including, without limitation, TD

12  Ameritrade) or Internet or "e-commerce" payment processor, all certificates of

13  deposit, and other funds or assets, held in the name of, for the benefit of, or over

14  which account authority is held by Defendants Capital Cove Bancorp LLC and

15  Christopher M. Lee aka Rashid K. Khalfani, as well as by the Rittenhouse Square

16  Trust, LLC (the "Rittenhouse Fund"), and/or the Capital Cove REO Opportunities

17  Fund II LLC (the "REO Fund II"), including but not limited to the accounts listed

18  below:

| Bank Name | Account Name | Account Number |
|-----------|--------------|----------------|
| Bank of America | Rittenhouse Square Trust LLC | XXXXX-X0533 |
| Bank of America | Capital Cove International, Inc. | XXXX-XXXX-7802 |
| Bank of America | Capital Cove International, Inc. | XXXX-XXXX-7864 |

| Bank Name | Account Name | Account Number |
|---|---|---|
| Bank of America | Capital Cove REO Opportunities Fund LLC | XXXX-XXXX-8434 |
| TD Ameritrade | Capital Cove Bancorp LLC | XXX-XX6465 |
| JP Morgan Chase | Capital Cove International, Inc. | XXXXX-7221 |

## VIII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of the Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants Capital Cove Bancorp LLC or Christopher M. Lee aka Rashid K. Khalfani, or to the Rittenhouse Fund or the REO Fund II.

## IX.

IT IS FURTHER ORDERED that Defendants Capital Cove Bancorp LLC and Christopher M. Lee aka Rashid K. Khalfani, the Rittenhouse Fund, as well as the REO Fund II, within five days of the issuance of this Order, shall prepare and deliver

1 | to the SEC a detailed and complete schedule of all of their personal assets, including
2 | all real and personal property exceeding $5,000 in value, and all bank, securities, and
3 | other accounts identified by institution, branch address and account number.  The
4 | accounting shall include a description of the sources of all such assets.  Such
5 | accounting shall be filed with the Court and a copy shall be delivered to the SEC's
6 | Los Angeles Regional Office to the attention of Amy Jane Longo, Trial Counsel.
7 | After completion of the accounting, each of the Defendants shall produce to the
8 | SEC's Los Angeles Regional Office, at a time agreeable to the SEC, all books,
9 | records and other documents supporting or underlying their accounting.

10 | **X.**

11 | IT IS FURTHER ORDERED that any person who receives actual notice of this
12 | Order by personal service or otherwise, and who holds, possesses or controls assets
13 | exceeding $5,000 for the account or benefit of any one of the Defendants or the
14 | Funds, shall within 5 days of receiving actual notice of this Order provide counsel for
15 | the SEC with a written statement identifying all such assets, the value of such assets,
16 | or best approximation thereof, and any account numbers or account names in which
17 | the assets are held.

18 | **XI.**

19 | IT IS FURTHER ORDERED that Robert Mosier is appointed as
20 | temporary receiver of Defendant Capital Cove Bancorp, LLC and its subsidiaries and
21 | affiliates, and of the Funds, with full powers of an equity receiver, including, but not
22 | limited to, full power over all funds, assets, collateral, premises (whether owned,
23 | leased, occupied, or otherwise controlled), choses in action, books, records, papers
24 | and other property belonging to, being managed by or in the possession of or control
25 | of Defendant Capital Cove Bancorp, LLC and its subsidiaries and affiliates and the
26 | Funds and that such receiver is immediately authorized, empowered and directed:

27 | A.    to have access to and to collect and take custody, control, possession,
28 | and charge of all funds, assets, collateral, premises (whether owned,

8

1  leased, occupied, or otherwise controlled), choses in action, books,
2  records, papers and other real or personal property, wherever located, of
3  or managed by Defendant Capital Cove Bancorp LLC and its
4  subsidiaries and affiliates and the Funds, with full power to sue,
5  foreclose, marshal, collect, receive, and take into possession all such
6  property (including access to and taking custody, control, and possession
7  of all such Defendant Capital Cove Bancorp LLC property, and that of
8  its subsidiaries and affiliates and the Funds);

9  B.  to have control of, and to be added as the sole authorized signatory for,
10  all accounts of the entities in receivership, including all accounts at any
11  bank, title company, escrow agent, financial institution or brokerage firm
12  (including any futures commission merchant) which has possession,
13  custody or control of any assets or funds of Defendant Capital Cove
14  Bancorp LLC and its subsidiaries and affiliates and the Funds, or which
15  maintains accounts over which Defendant Capital Cove Bancorp LLC
16  and its subsidiaries and affiliates, and/or any of its employees or agents
17  or the Funds have signatory authority;

18  C.  to conduct such investigation and discovery as may be necessary to
19  locate and account for all of the assets of or managed by Defendant
20  Capital Cove Bancorp LLC and its subsidiaries and affiliates and the
21  Funds, and to engage and employ attorneys, accountants and other
22  persons to assist in such investigation and discovery;

23  D.  to take such action as is necessary and appropriate to preserve and take
24  control of and to prevent the dissipation, concealment, or disposition of
25  any assets of or managed by Defendant Capital Cove Bancorp LLC and
26  its subsidiaries and affiliates and the Funds;

27  E.  to make an accounting, as soon as practicable, to this Court and the SEC
28  of the assets and financial condition of Defendant Capital Cove Bancorp

1    LLC and the Funds, and to file the accounting with the Court and deliver
2    copies thereof to all parties;

3    F.    to make such payments and disbursements from the funds and assets
4    taken into custody, control, and possession or thereafter received by him
5    or her, and to incur, or authorize the making of, such agreements as may
6    be necessary and advisable in discharging his or her duties as temporary
7    receiver;

8    G.    to employ attorneys, accountants, and others to investigate and, where
9    appropriate, to institute, pursue, and prosecute all claims and causes of
10   action of whatever kind and nature which may now or hereafter exist as
11   a result of the activities of present or past employees or agents of
12   Defendant Capital Cove Bancorp LLC and its subsidiaries and affiliates,
13   and the Funds; and

14   H.    to have access to and monitor all mail, electronic mail, and video phone
15   of the entities in receivership in order to review such mail, electronic
16   mail, and video phone which he or she deems relates to their business
17   and the discharging of his or her duties as temporary receiver.

18                                    **XII.**

19        IT IS FURTHER ORDERED that Defendant Capital Cove Bancorp LLC, its

20   subsidiaries and affiliates, and the Funds, including all of the other entities in

21   receivership, and their officers, agents, servants, employees and attorneys, and any

22   other persons who are in custody, possession or control of any assets, collateral,

23   books, records, papers or other property of or managed by any of the entities in

24   receivership, shall forthwith give access to and control of such property to the

25   temporary receiver.

26                                    **XIII.**

27        IT IS FURTHER ORDERED that no officer, agent, servant, employee or

28   attorney of Defendant Capital Cove Bancorp LLC or the Funds shall take any action

1   or purport to take any action, in the name of or on behalf of Defendant Capital Cove

2   Bancorp LLC or the Funds, without the written consent of the temporary receiver or

3   order of this Court.

### XIV.

5   IT IS FURTHER ORDERED that, except by leave of this Court, during the

6   pendency of this receivership, all clients, investors, trust beneficiaries, note holders,

7   creditors, claimants, lessors and all other persons or entities seeking relief of any

8   kind, in law or in equity, from Defendant Capital Cove Bancorp LLC, or its

9   subsidiaries or affiliates or the Funds, and all persons acting on behalf of any such

10   investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group or

11   other person, including sheriffs, marshals, servants, agents, employees and attorneys,

12   are hereby restrained and enjoined from, directly or indirectly, with respect to these

13   persons and entities:

14       A.    commencing, prosecuting, continuing or enforcing any suit or

15                proceeding (other than the present action by the SEC or any other action

16                by the government) against any of them;

17       B.    using self-help or executing or issuing or causing the execution or

18                issuance of any court attachment, subpoena, replevin, execution or other

19                process for the purpose of impounding or taking possession of or

20                interfering with or creating or enforcing a lien upon any property or

21                property interests owned by or in the possession of Defendant Capital

22                Cove Bancorp LLC or the Funds; and

23       C.    doing any act or thing whatsoever to interfere with taking control,

24                possession or management by the temporary receiver appointed

25                hereunder of the property and assets owned, controlled or managed by or

26                in the possession of Defendant Capital Cove Bancorp LLC or the Funds,

27                or in any way to interfere with or harass the temporary receiver or his or

28                her attorneys, accountants, employees, or agents or to interfere in any

1       manner with the discharge of the temporary receiver's duties and

2       responsibilities hereunder.

3                     **XV.**

4       IT IS FURTHER ORDERED that Defendant Capital Cove Bancorp LLC and

5 its subsidiaries, affiliates, officers, agents, servants, employees and attorneys, and the

6 Funds, shall cooperate with and assist the temporary receiver and shall take no action,

7 directly or indirectly, to hinder, obstruct, or otherwise interfere with the temporary

8 receiver or his or her attorneys, accountants, employees or agents, in the conduct of

9 the temporary receiver's duties or to interfere in any manner, directly or indirectly,

10 with the custody, possession, management, or control by the temporary receiver of

11 the funds, assets, collateral, premises, and choses in action described above.

12                     **XVI.**

13       IT IS FURTHER ORDERED that Defendant Capital Cove Bancorp LLC and

14 its subsidiaries and affiliates, shall pay the costs, fees and expenses of the temporary

15 receiver incurred in connection with the performance of his or her duties described in

16 this Order, including the costs and expenses of those persons who may be engaged or

17 employed by the temporary receiver to assist him or her in carrying out his or her

18 duties and obligations. All applications for costs, fees, and expenses for services

19 rendered in connection with the receivership other than routine and necessary

20 business expenses in conducting the receivership, such as salaries, rent, and any and

21 all other reasonable operating expenses, shall be made by application setting forth in

22 reasonable detail the nature of the services and shall be heard by the Court.

23                     **XVII.**

24       IT IS FURTHER ORDERED that no bond shall be required in connection with

25 the appointment of the temporary receiver. Except for an act of gross negligence, the

26 temporary receiver shall not be liable for any loss or damage incurred by any of the

27 defendants, their officers, agents, servants, employees and attorneys or any other

28 person, by reason of any act performed or omitted to be performed by the temporary

1  receiver in connection with the discharge of his or her duties and responsibilities.

## XVIII.

3      IT IS FURTHER ORDERED that representatives of the SEC and any other government agency are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of Defendant Capital Cove Bancorp LLC and the Funds, and continuing access to inspect their funds, property, assets and collateral, wherever located.

## XIX.

9      IT IS FURTHER ORDERED that the SEC's application for expedited discovery concerning Defendants, their assets and activities and the Funds, is granted and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure and the corresponding Local Rules of this Court, discovery shall proceed as follows:

15      (A)   Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the SEC may take depositions upon oral examination on two days' notice of any such deposition.  Depositions may be taken Monday through Saturday.  As to the Defendants and their agents, servants, promoters, employees, brokers, associates, and any person who transferred money to or received money from the bank accounts identified above, the SEC may depose such witnesses after serving a deposition notice by facsimile, hand or overnight courier upon such individuals, and without serving a subpoena on such witness.  Depositions that have not been signed by the witness may be used for purposes of the hearing on the SEC's application for preliminary injunction;

25      (B)   Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, each Defendant shall answer the SEC's interrogatories within three days of service of such interrogatories upon each Defendant;

28      (C)   Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, each

1     Defendant shall produce all documents requested by the SEC within three days of

2     service of such request, with production of the documents made to Amy Jane Longo,

3     U.S. Securities and Exchange Commission, 444 S. Flower Street, Suite 900, Los

4     Angeles, CA 90071, or such person or place as counsel for the SEC may direct in

5     writing;

6          (D)     Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, each

7     Defendant shall respond to the SEC's requests for admissions within three days of

8     such requests; and

9          (E)     All written responses to the SEC's requests for discovery under the

10     Federal Rules of Civil Procedure shall be delivered by hand or overnight courier to

11     the SEC to the attention of Amy Jane Longo, U.S. Securities and Exchange

12     Commission, 444 S. Flower Street, Suite 900, Los Angeles, CA 90071, or such other

13     place and person as counsel for the SEC may direct in writing.

14                                   **XX.**

15         IT IS FURTHER ORDERED that this Temporary Restraining Order shall

16     expire at 5pm on 7/1, 2015, unless for good cause shown it is extended or the

17     parties against whom it is directed consent that it may be extended for a longer

18     period.

19                                   **XXI.**

20         IT IS FURTHER ORDERED that at 2:30 pm on 7/1, 2015, or as soon

21     thereafter as the parties may be heard, the Defendants shall appear before the

22     Honorable Josephine Staton, Judge of the United States District Court for the

23     Central District of California, to show cause, if there be any, why a preliminary

24     injunction should not be granted. Any declarations, affidavits, points and authorities,

25     or other submissions in support of, or in opposition to, the issuance of such an Order

26     shall be filed with the Court and delivered to Amy Jane Longo, U.S. Securities and

27     Exchange Commission, 444 S. Flower Street, Suite 900, Los Angeles, CA 90071, and

28     the offices of the Defendants or their attorneys no later than 5 pm on 6/26, 2015.

1    Any reply papers shall be filed with the Court and delivered to opposing counsel no

2    later than _____ on _____, 2015.

### XXII.

4    IT IS FURTHER ORDERED that this Temporary Restraining Order shall

5    expire at _____ on _____, 2015 unless for good cause shown it is extended or the

6    parties against whom it is directed consent that it may be extended for a longer

7    period.

### XXIII

9    IT IS FURTHER ORDERED that at _____ on _____, 2015, or as soon

10   thereafter as the parties may be heard, the Defendants, and each of them, shall appear

11   before the Honorable _____, Judge of the United States District

12   Court for the Central District of California, to show cause, if there be any, why a

13   preliminary injunction should not be granted. Any declarations, affidavits, points and

14   authorities, or other submissions in support of, or in opposition to, the issuance of

15   such an Order shall be filed with the Court and delivered to the SEC's Los Angeles

16   office and the offices of the Defendants or their attorneys no later than _____ on ___,

17   2015. Any reply papers shall be filed with the Court and delivered to opposing

18   counsel no later than _____ on ___, 2015. Service of all such papers shall be by

19   electronic mail, facsimile, or personal service.

### XXIV.

21   IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this

22   action for the purpose of implementing and carrying out the terms of all orders and

23   //

24   //

25   //

26   //

27   //

28   //

15

1  decrees which may be entered herein and to entertain any suitable application or

2  motion for additional relief within the jurisdiction of this Court.

3

4       IT IS SO ORDERED.

5

6  Dated: 6|18, 2015

7              UNITED STATES DISTRICT JUDGE

8  Presented by:
  Amy Jane Longo
  Attorney for Plaintiff

9  Securities and Exchange Commission

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16